■ In the Matter of RICARDO A. DI ROSE, Appellant, v SOUTHPORT CORRECTIONAL FACILITY, Respondent. [640 NYS2d 823] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered July 6, 1995 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to return confiscated material.

Petitioner, a prison inmate, commenced this proceeding pursuant to CPLR article 78 to compel respondent to return a confiscated $20 money order. Supreme Court dismissed the petition, finding that respondent complied with applicable regulations in confiscating the money order. Since the filing of petitioner's notice of appeal, respondent agreed to return the money order to petitioner's common-law wife. In view of this, we find that petitioner's appeal is now moot.

Cardona, P. J., Crew III, White, Casey and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

■ In the Matter of the Claim of DAVID A. KINNICUTT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [640 NYS2d 663] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 1994, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant lost his employment as a truck driver as the result of a conviction for driving while intoxicated. The Board denied his application for unemployment insurance benefits finding that possession of a valid driver's license was a necessary condition of claimant's employment and that claimant's failure to maintain it constituted the voluntary leaving of his employment. We find that the Board's decision is supported by substantial evidence. Notwithstanding claimant's assertion that his license was not officially revoked until two weeks after his date of conviction and that he was seeking to obtain a conditional temporary license in the interim, claimant failed to demonstrate at the hearing that he was licensed to drive a commercial vehicle after his conviction. Consequently, we find no reason to disturb the Board's decision.

Cardona, P. J., Mercure, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.